**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**

| | | |
|---|---|---|
| **INGRID TAYLOR**<br>175 Ellebrooke #143<br>Radcliff, KY 40160<br><br>Plaintiff,<br><br>**v.**<br><br>**AMAZON.COM SERVICES, LLC**<br>c/o Corporation Service Company<br>421 W. Main Street<br>Frankfort, KY 40601<br><br>Defendant. | : | **Civil Action No.:**_______________<br><br>**Judge:**_________________________ |

---

**COMPLAINT WITH JURY DEMAND**

---

Ingrid Taylor states the following for her Complaint against Amazon.com Services, LLC:

**INTRODUCTION**

1. This action arose after Amazon.Com Services, LLC engaged in discriminatory employment practices against a loyal employee who served the company for 9 years without incident until she exercised her rights under the Family and Medical Leave Act ("FMLA").

**PARTIES**

2. Plaintiff Ingrid Taylor ("Ms. Taylor" or "Plaintiff") is a resident of Radcliff Kentucky. Plaintiff's claims arose out of an employment relationship with Amazon.Com Services, LLC, in Boone County, Kentucky.

3. Amazon.Com Services, LLC ("Defendant" or "Amazon") is a foreign limited liability company registered with the Kentucky Secretary of State doing business in Boone County, Kentucky.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction to hear this case under 28 U.S.C. § 1331 because Ms. Taylor asserts claims arising under the Family and Medical Leave Act.

5. Ms. Taylor also states claims under the laws of the Commonwealth of Kentucky. These claims are inherently related to the other claims in this case, over which this Court has original jurisdiction, that they are a part of the same case or controversy under Article III of the United States Constitution. Accordingly, this Court has supplemental jurisdiction of these claims under 28 U.S.C. § 1367.

6. Venue is proper in this Court because the transactions and occurrences and injuries occurred in Boone County, Kentucky.

**BACKGROUND FACTS**

7. Ms. Taylor began working for Defendant on October 1, 2014.

8. Ms. Taylor was qualified for her position and adequately performed all her job duties.

9. Throughout her employment, Ms. Taylor maintained a positive record and performed her duties without incident.

10. Ms. Taylor suffers from a serious medical condition that results in frequent menstrual cycles, occurring multiple times each month.

11. Around 2021, Ms. Taylor began utilizing intermittent FMLA leave to manage her condition.

12. She continued to recertify her FMLA leave through the end of 2023.

13. In September 2023, Ms. Taylor underwent surgery in an effort to treat or alleviate her condition.

14. Shortly after returning from surgery, Casandra, a member of Defendant's Human Resources Department, confronted Ms. Taylor and demanded proof of bereavement leave she had taken approximately a year earlier, in 2022.

15. This surprised Ms. Taylor, as she had already submitted the required bereavement documentation at the time of her leave in 2022.

16. Ms. Taylor brought this to the attention of April, another member of Defendant's Human Resources Department. April assured Ms. Taylor that there was no issue, stating that if there had been a problem, Ms. Taylor would have been terminated a year earlier when the leave occurred.

17. Nevertheless, only days after returning from surgery, and while still on approved FMLA leave, Defendant terminated Ms. Taylor's employment, citing her alleged failure to provide documentation for the bereavement leave taken in 2022.

18. Defendant's reason for terminating Ms. Taylor is bogus.

19. Defendant terminated Ms. Taylor for exercising her rights under FMLA.

20. Ms. Taylor  has suffered damages and will continue to suffer damages in the future because of Defendant's actions

## CLAIMS

## COUNT I
## FMLA DISCRIMINATION AND RETALIATION UNDER 29 U.S.C. §§ 2614-15

21. Ms. Taylor restates and incorporates all preceding paragraphs as if fully set forth herein.

22. Ms. Taylor suffers from a medical condition that causes her menstrual cycle to occur multiple times each month.

23. This condition constitutes a "serious health condition" as defined by the FMLA.

24. Beginning in or around 2021, Ms. Taylor applied for and was granted intermittent FMLA leave to manage and receive treatment for her condition.

25. Ms. Taylor remained eligible for FMLA leave at all relevant times, having worked the requisite number of hours and met all other statutory criteria for coverage under the FMLA.

26. Ms. Taylor provided Defendant with appropriate medical certification and documentation supporting her need for intermittent leave, and she continued to recertify her FMLA leave through the end of 2023.

27. In September 2023, Ms. Taylor underwent surgery in an effort to treat or alleviate her condition and remained on approved FMLA leave following her procedure.

28. Shortly after her return from surgery, Defendant's Human Resources Department confronted Ms. Taylor with an unrelated demand to provide documentation for bereavement leave she had taken over a year earlier, in 2022, which had already been resolved.

29. Days later, while Ms. Taylor remained on FMLA leave, Defendant terminated her employment, citing her alleged failure to provide documentation for the 2022 bereavement leave.

30. Ms. Taylor's termination occurred immediately following her use of FMLA leave and constitutes an adverse employment action taken in retaliation for her exercise of rights protected under the FMLA.

31. Defendant's stated reason for Ms. Taylor's termination was pretextual and intended to conceal the true motive, which was retaliation for Ms. Taylor's lawful use of FMLA leave.

32. Defendant's actions discouraged Ms. Taylor and other employees from exercising their rights under the FMLA and fostered a workplace culture of hostility toward employees who take protected medical leave.

33. Defendant failed to restore Ms. Taylor to her position or an equivalent position upon her return from leave, as required by the FMLA.

34. Defendant's conduct was willful, malicious, and carried out in reckless disregard of Ms. Taylor's federally protected rights.

35. As a direct and proximate result of Defendant's unlawful actions, Ms. Taylor has suffered lost wages and benefits, emotional distress, humiliation, and damage to her professional reputation.

36. Ms. Taylor is entitled to all remedies available under the FMLA, including back pay, front pay, compensatory and liquidated damages, attorneys' fees, costs, and any other relief the Court deems just and proper.

**COUNT II**
**FMLA INTERFERENCE**
**UNDER 29 U.S.C. § 2615**

37. Ms. Taylor restates and incorporates all preceding paragraphs as if fully set forth herein.

38. Ms. Taylor was qualified for FMLA leave, and Defendant is an employer covered by the FMLA.

39. Ms. Taylor suffers from a medical condition that causes her menstrual cycle to occur multiple times each month, which constitutes a serious health condition under the FMLA.

40. Ms. Taylor applied for and was granted intermittent FMLA leave to manage and receive treatment for her condition. She provided appropriate medical certification, notice, and documentation to Defendant to formalize her leave.

41. In September 2023, Ms. Taylor underwent surgery related to her condition.

42. Only days after returning from surgery, while she was still on approved FMLA leave, Defendant terminated Ms. Taylor's employment.

43. Defendant's termination of Ms. Taylor while she was exercising her right to medical leave interfered with, restrained, and denied her rights under the FMLA.

44. Defendant's actions were willful, malicious, and taken in conscious disregard of Ms. Taylor's rights under the FMLA.

45. As a result of Defendant's interference with her FMLA rights, Ms. Taylor has suffered lost wages and benefits, emotional distress, and harm to her professional reputation.

46. Ms. Taylor is entitled to all damages available under the FMLA, including compensatory damages, liquidated damages, attorneys' fees, costs, and any other relief the Court deems just and proper.

**COUNT III**
**DISABILITY AND PERCEIVED DISABILITY DISCRIMINATION UNDER KRS §344**

47. Ms. Taylor restates and incorporates all preceding paragraphs as if fully set forth herein.

48. Ms. Taylor has a disability or perceived disability because her medical condition substantially limits at least one major life activity.

49. Ms. Taylor was fully qualified for her position and could perform all the essential functions of her job.

50. Defendant was aware of Ms. Taylor's disability or perceived disability.

51. Defendant discriminated against Ms. Taylor because of her disability or perceived disability.

52. Ms. Taylor suffered an adverse employment action as a direct result of her disability or perceived disability.

53. In fact, Defendant terminated Ms. Taylor because of her disability.

54. As a result of Defendant's discrimination, Ms. Taylor has suffered and will continue to suffer economic and non-economic harm, including lost wages, emotional distress, and harm to her professional reputation.

55. Defendant's actions were willful and taken in conscious disregard of the rights of Ms. Taylor.

**WHEREFORE**, Ms. Taylor respectfully requests that this Court find for her and award her the following:

a. Compensatory damages.

b. Reinstatement;

c. Lost wages and all other compensation denied or lost to Plaintiff by reason of Defendant's unlawful actions;

d. Statutory damages;

e. Interest;

f. Punitive damages;

g. Attorney fees;

h. Costs;

i. Litigation expenses; and

j. All other relief this Court deems proper.

Respectfully Submitted,

***/s/ L. Corban Polk***
L. Corban Polk (KY: 101112)
Robert L. Thompson (KY: 98791)
THOMPSON LEGAL LLC
1230 S. Hurstbourne Pkwy, Suite 210
Louisville, Kentucky 40222
P: 502-366-2121
F: 502-438-9999
Corban@RthompsonLegal.com
Robert@RthompsonLegal.com
*Attorneys for Plaintiff*

**JURY DEMAND**

Plaintiff demands a trial by jury on all triable issues.

***/s/ L. Corban Polk***
L Corban Polk